FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
Page 1 of 6

APR 0 4 2002

LUTHER D.
By: [signature]
Deputy Clerk

CR07-105

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-

**REDACTED**

Case No. 1:01-CR-591-03-CC

RODRIGUEZ SHARPE
a/k/a Shawn Beck; "Black"

Defendant's Attorney:
Jo Ann Fields

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 U.S.C. 371 & 1344 | Conspiracy to Commit Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    2112
Defendant's Date of Birth:    /77
Defendant's Mailing Address:
Atlanta Pretrial Detention Center
Atlanta, Ga.

Signed this the ____ day of April, 2002.

Date of Imposition of Sentence:
April 3, 2002

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

**ENTERED ON DOCKET**

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 0 5 2002

L.D.T., CLERK
DEPUTY CLERK

APR 0 5 2002

Luther D. Thomas, Clerk
By: [signature]
Deputy Clerk

1:01-CR-591-03-CC : RODRIGUEZ SHARPE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FORTY-ONE MONTHS**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:01-CR-591-03-CC : RODRIGUEZ SHARPE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE YEARS**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

2. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

3. The defendant shall not illegally possess a controlled substance.

4. The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the U. S. Probation Officer.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

6. The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

1:01-CR-591-03-CC : RODRIGUEZ SHARPE

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:01-CR-591-03-CC: RODRIGUEZ SHARPE

# RESTITUTION

The defendant shall make restitution in the amount of $877,891.10 jointly and severally with the codefendants in the manner outlined below, to the following persons, and in the following amounts:

**Bank of America**
Security Recovery Support
100 North Broadway
St. Louis, MO 63102
Attn: Robert Krause
Mail Code: M02-100-09-19
Amount: $703,862.44

The defendant is solely responsible for restitution of $144,146.09; the balance, or $559,716.35, is owed jointly and severally with other codefendants as summarized below:

$207,322.27 jointly and severally with Carlos Wilkes, Kenyatte Sapp and Anthony Rhett
$196,513.03 jointly and severally with Carlos Wilkes, Christopher Johnson and Anthony Rhett
$84,823.31 jointly and severally with Christopher John and Anthony Rhett
$32,775.02 jointly and severally with Carlos Wilkes, Lakeesha King and Anthony Rhett
$31,843.90 jointly and severally with Carlos Wilkes, Jamenia Morrison and Anthony Rhett
$6,438.82 jointly and severally with Carlos Wilkes, Tracy Mitchell and Anthony Rhett

**South Trust Bank**
Corporate Security
500 Office Park Drive
Mountain Brook, AL 35223
Amount: $89,486.76

The defendant is solely responsible for restitution of $2,961.47; the balance, or $86,525.29, is owed jointly and severally with other codefendants as summarized below:

$56,540.93 jointly and severally with Kenyatte Sapp and Anthony Rhett
$19,134.37 jointly and severally with Christopher Johnson and Anthony Rhett
$10,849.99 jointly and severally with Lakeesha King and Anthony Rhett

**SunTrust Bank**
58 Edgewood Avenue
Suite 610A
Atlanta, GA 30302
Attn: Mary Reza
Amount: $80,418.48

The defendant is solely responsible for restitution of $8,115.41; the balance, or $72,303.07, is owed jointly and severally with other codefendants as summarized below:

$25,307.66 jointly and severally with Carlos Wilkes, Kenyatte Sapp and Anthony Rhett
$18,791.70 jointly and severally with Christopher Johnson and Anthony Rhett
$12,716.24 jointly and severally with Carlos Wilkes, Christopher Johnson and Anthony Rhett
$8,590.16 jointly and severally with Carlos Wilkes, Tracy Mitchell and Anthony Rhett
$5,969.18 jointly and severally with Carlos Wilkes, Lakeesha King and Anthony Rhett
$928.13 jointly and severally with Carlos Wilkes, Jamenia Morrison and Anthony Rhett

First Union Nation Bank
1525 West W.T. Harris Blvd.
Charlotte, N.C. 28288-0290
Attn: Recovery Department
Amount: $2,587.82

The defendant is solely responsible for restitution of $785.30; the balance, or $1,802.5, is owed jointly and severally with other codefendants as summarized below:

$1,802.52 jointly and severally with Tracy Mitchell and Anthony Rhett

Wachovia Bank
P.O. Box 4148
Atlanta, GA 30302
Mail Code GA8075
Attn: William Wellmaker
Amount: $1,535.60

The defendant is solely responsible for restitution in the amount of $1,535.60

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate determined by the U. S. Probation Officer.

It is further ordered that the U.S. Probation Office shall notify the victim(s) of the offense of this conviction. The notice shall be sent by first-class mail to Bank of America, First Union Nations Bank, Sun Trust Bank, South Trust Bank, Wachovia Bank at their last known addresses.