The PROB 12
(Rev. 2/94)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Criminal Action No. 1:07CR-105-001 |
| | ) |
| Rodriguez Sharpe, | ) |
| (a/k/a Shawn Beck; "Black") | ) |
| | ) |
| Defendant. | ) |

FILED
AUG 1 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Petition on Probation and Supervised Release**

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Rodriguez Sharpe who was placed on supervision by the Honorable Clarence Cooper sitting in the court at Atlanta, Georgia on the 3rd day of April 2002, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the U.S. Probation Officer.

The defendant shall not incur new credit charges of open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment,
and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall make restitution in the amount of $877,891.10 jointly and severally with codefendants. Any portion of the restitution that is not paid at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate determined by the U.S. Probation Officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

Above probation officer has reason to believe that Rodriguez Sharpe has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**STANDARD CONDITION #2**: "You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."

**EVIDENCE:** The defendant appeared for a scheduled office visit with the probation officer on April 20, 2007. During that office visit, the defendant was verbally informed that his next office visit was scheduled for May 31, 2007 at 10:00 a.m. The defendant was also presented with written notification regarding this office visit. The defendant failed to appear for this office visit. The defendant failed to provide any telephone, written or personal contact to explain this absence or to reschedule his office visit.

**EVIDENCE:** On May 31, 2007, a letter was sent to the defendant's reported residence (located at 909 Orange Street, Apt. B, Wilmington, Delaware 19801) scheduling him for an office visit on June 7, 2007, at 9:00 a.m. On June 7, 2007, the defendant telephoned the United States Probation Office and left a voice mail message stating that he attained new employment along with the details of that employment. The message further stated that the defendant would not be appearing for his office scheduled for June 7 and that he would telephone the probation officer later that day to reschedule his office visit. The defendant failed to telephone the probation officer in order to reschedule the office visit. No subsequent telephone calls or personal contacts were ever received from the defendant in order to schedule an office visit. On June 7, 2007, a letter was sent to the defendant's residence scheduling an office visit for June 14, 2007 at 4:30

p.m. The defendant failed to appear for this office visit. Additionally, the defendant failed to contact the probation officer in order to explain his absence or to reschedule his office visit.

**EVIDENCE:** On June 14, 2007, a letter was sent to the defendant's residence of record scheduling him for an office visit on June 27, 2007 at 4:00 p.m. That letter also noted that the defendant had failed to appear for three previously scheduled office visits on May 31, June 7 and June 14, 2007. The defendant failed to appear for this office visit. The defendant failed to provide any telephone, written or personal contact to explain his absence or to reschedule this office visit.

**EVIDENCE:** The defendant has failed to submit his required monthly reports for June and July 2007. The defendant has failed to provide any telephone, written or personal contact to explain why his monthly reports have not been submitted or to provide any reason for the delay in submitting the required reports.

**STANDARD CONDITION #5:** "You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons."

**EVIDENCE:** The defendant telephoned the U.S. Probation Office on June 6, 2007 and spoke with Deputy Chief U.S. Probation Officer John Selvaggi. During that telephone call, the defendant informed that he had attained new employment with a business identified as Storecast Merchandising Corporation. The defendant furthermore stated that he would be working in the Dover area that week and that his employment hours would be 7:00 a.m. until 3:00 p.m. The defendant left another voice mail telephone message for the probation officer on June 7, 2007 reporting additional employment details (address of employer, confirmation of employment schedule for that week). On June 14, 2007, the defendant faxed to the U.S. Probation Office a copy of the new employer's (Storecraft) personal appearance policy along with company policies and procedures. Those documents were signed by the defendant, however, there were no signatures in the areas designated for a signature by the manager. The defendant was required to submit his June monthly report along with copies of all pay stubs which would provide definitive confirmation of his employer, his employment hours, his salary and any deductions. This monthly report and employment documentation was not received. The defendant has failed to provide the probation office with his employment manager's name and a telephone contact number. Additionally, attempts to contact the employer in order to confirm the defendant's employment status have not been successful.

**SPECIAL CONDITION:** "The defendant shall make full and complete disclosure of finances and submit to an audit of financial documents at the request of the U.S. Probation Officer."

**EVIDENCE:** On June 25, 2007, contact was established with the U.S. Probation Office for the Northern District of Georgia (original district of jurisdiction). That office had completed a review of the defendant's recent restitution payment history, the restitution balance and the pending supervision termination date scheduled for August 24, 2007. That office requested that a Personal Financial Statement (Monthly Net Worth and Cash Flow) be completed by the defendant in order to advise the Court regarding pending collection of restitution. That Personal Financial Statement cannot be executed due to the defendant's failure to appear for his scheduled appointments in May and June and the defendant having had no personal contact with the U.S. Probation Office since June 6, 2007.

**SPECIAL CONDITION:** "The defendant shall make restitution in the amount of $877,891.10 jointly and severally with codefendants. Any portion of the restitution which is not paid at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate determined by the U.S. Probation Officer."

**EVIDENCE:** The defendant commenced his term of supervised release on August 25, 2004. The defendant was unemployed from that date until January 2005 when he attained secure and verifiable employment. A restitution payment plan at the rate of $25.00 was established in January 2005 and remains currently in effect. The defendant has submitted six $25.00 payments to date during 2007. Those $25.00 payments were received on and include payments received on February 16, March 1 and July 27. The defendant failed to submit required restitution payments in accordance with his monthly restitution payment plan during the months of January, April, May and June. Though the defendant's restitution payment delinquency was discussed during office visits on March 20 and April 20 of 2007, the defendant failed to resume his monthly payment plan as directed. Despite the fact that the defendant submitted four $25.00 restitution payments on July 27, 2007, the defendant has not had any personal contact with the U.S. Probation Office since June 6, 2007. .

PRAYING THAT THE COURT WILL ORDER ... that a warrant be issued for Rodriguez Sharpe and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

| ORDER OF COURT | I declare under penalty of perjury the foregoing is true and correct, |
|---|---|
| Considered and ordered this __14__ day of __August__, 2007. | _____ U.S. Probation Officer |
| _____ U.S. District Judge | Place <u>Wilmington, Delaware</u> |
| | Date <u>August 9, 2007</u> |

